No. **60213.**—Suit 4862.—United States *v.* Burroughs-Wellcome Co., Inc.—

—C. D. 1738 affirmed June 20, 1956. C. A. D. 621.

August 29, 1956

No. **60214.**—Suit 4856.—Chemical Specialties Co., Inc. *v.* United States.—

C. D. 1698 affirmed May 15, 1956. C. A. D 614.

Before the First Division, September 5, 1956

No. **60215.**—Richards Brush Company and Wm. A. Hausman Co. *v.* United States, protest 262053–K (Seattle).

Wilson, Judge: The merchandise in the case at bar was classified under paragraph 1525 of the Tariff Act of 1930 and assessed with duty at the rate of 40 per centum ad valorem under the provision for "* * * manufactures of every description, wholly or in chief value of * * * horsehair, not specially provided for." Plaintiffs claim the imported product is properly dutiable at either 5 or 10 per centum ad valorem under paragraph 1558 of the pertinent act, as modified by the General Agreement on Tariffs and Trade, T. D. 51802 and the Torquay Protocol to the General Agreement on Tariffs and Trade, T. D. 52739, as nonenumerated unmanufactured or nonenumerated manufactured articles.

The imported product (plaintiffs' exhibit 1) is brush-making material which is put in a brush block as part of a sweeping broom.

Plaintiffs' witness testified that the imported merchandise, which was imported from England, is a "blend" of horsehair and vegetable fibers. It appears that the vegetable fibers are produced in Mexico, where they are cut from a cactus plant, subjected to a so-called dressing process, and then cut to size. The horsehair, after removal from the horse, is "hackled," then boiled and cleaned. The long hairs are pulled out and laid in lengths; the ends of the hair are then cut to give it a "flag end," that is, a split so as to spread the material out to make the sweeping area a little finer. There is then nothing further to be done to the material, except to put it into the wooden handle or brush block of the broom. The record further discloses that the bundle of material is doubled when put in the broom, giving it a soft top.

It is "fundamental in customs law that when the classification of the collector is challenged, the dual burden of proving that such classification is incorrect and that its own claimed classification is correct, rests upon the importer." *Yardley & Co., Ltd., et al* v. *United States,* 41 C. C. P. A. (Customs) 85, C. A. D. 533. In the case at bar, the dressing, trimming, and flagging, to which the imported merchandise has been subjected, constitute a manufacturing process. Plaintiffs have further failed to establish the component material of chief value of the imported product which the record establishes is a manufactured article. Accordingly, the presumption of correctness attaching to the classification of the collector that the involved merchandise, in its condition as imported, is a manufacture, wholly or in chief value of horsehair, has not been overcome.

On the record herein, we hold the involved merchandise is properly dutiable as classified. The protest is overruled. Judgment will issue accordingly.